25CA0935 Boreck v Jefferson County 06-18-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0935
Jefferson County District Court No. 23CV207
Honorable Diego G. Hunt, Judge

---

Donna Boreck,

Plaintiff-Appellant,

v.

Jefferson County Board of Commissioners, Jefferson County Assessor's Office, Jefferson County Attorney's Office, and Jefferson County Board of Equalization,

Defendants-Appellees.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE SCHUTZ
Lipinsky and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 18, 2026

---

Donna Boreck, Pro Se

Kimberly Sorrells, County Attorney, Amber J. Munck, Assistant County Attorney, Levi G. Stubbs, Assistant County Attorney, Golden, Colorado, for Defendants-Appellees

¶ 1    Plaintiff, Donna Boreck, appeals the district court's order granting the motion to dismiss filed by defendants, the Jefferson County Board of Commissioners, Jefferson County Assessor's Office, Jefferson County Attorney's Office, and Jefferson County Board of Equalization (collectively, County) and granting the County's motion for attorney fees. We affirm the district court's judgment and remand for the district court to determine the County's reasonable appellate attorney fees.

## I.    Background and Procedural History

¶ 2    Boreck and her husband, Dean Stansbury, purchased the property at issue — a home in Jefferson County — in 1983. In 2017, Boreck quitclaimed the property to Stansbury. In 2021, Stansbury appealed the County assessor's valuation of the home to the Board of Assessment Appeals (BAA). The BAA affirmed the County's valuation, and Stansbury appealed to a division of this court, which affirmed the BAA's decision. *See Stansbury v. Jefferson Cnty. Bd. of Equalization*, (Colo. App. No. 23CA0928, Mar. 28, 2024) (not published pursuant to C.A.R. 35(e)).

¶ 3    In October 2023, while *Stansbury* was pending, Boreck and Stansbury[1] jointly filed another complaint challenging the BAA's valuation of their property for 2021 and 2022.  They asserted claims that the County's Board of Equalization fraudulently valued the property and consequently created a "false public record" that caused them to pay an excessive amount of property taxes.  They sought $300,000 in damages, including $2,485 for the alleged overpayment of taxes between 1983 and 2022.

¶ 4    The County moved to dismiss the complaint on the basis that (1) the district court lacked subject matter jurisdiction because Boreck's claims were barred under the Colorado Governmental Immunity Act (CGIA); (2) Stansbury and Boreck failed to exhaust the available statutory remedies outlined in section 39-8-108(1), C.R.S. 2025 (the statute that governs appeals related to decisions made by the Board of Equalization); and (3) Boreck lacked standing to bring her claims because she is not a record owner of the

---

[1] Although Stansbury and Boreck jointly filed the complaint in this case, Stansbury separately appealed the same district court order that Boreck is now appealing.  Therefore, Stansbury is not a party to this appeal.

property.  The County also requested an award of its attorney fees under section 13-17-201, C.R.S. 2025.

¶ 5    In April 2025, the district court granted the County's motion to dismiss after concluding that it lacked subject matter jurisdiction to hear the claims under the CGIA because Boreck and Stansbury failed to comply with the CGIA's notice requirements.  The court also awarded the County its attorney fees under section 13-17-201.  This appeal followed.

## II.    Boreck's Standing to Appeal

¶ 6    At the outset, the County challenges Boreck's standing to appeal the district court's judgment because she quitclaimed the property to Stansbury in 2017 and has not been a record owner of the property since then.  Boreck contends that she has standing to bring this claim because she has been married to Stansbury since they purchased the property and the subject property is, therefore, marital property.

¶ 7    Standing is a jurisdictional issue that the parties or the court may raise at any time.  *Mackall v. JPMorgan Chase Bank, N.A.*, 2014 COA 120, ¶ 8.  The claiming party has the burden to prove jurisdiction.  *Jim Hutton Educ. Found. v. Rein*, 2018 CO 38M, ¶ 17.

To establish standing, a plaintiff must show that they have suffered an injury in fact to a legally protected interest that is harmed by the alleged injury. *Hickenlooper v. Freedom from Religion Found., Inc.*, 2014 CO 77, ¶ 8.

¶ 8 Boreck's appellate brief lacks clarity. At times, she appears to argue that the County improperly valued and assessed the property for the years 2022 to the present. But in her complaint, she also asserted that the County "has unjustifiably increased property valuation which is directly related to the amount of taxes a property owner is required to pay and as a consequence, Ms. Boreck and Mr. Stansbury [have] overpaid $2485 in property tax (1983 to 2022)."

¶ 9 Colorado law establishes a right to protest and appeal a property tax valuation. *See* § 39-8-108; § 39-5-122(2), C.R.S. 2025 (describing process and time limitations for filing a protest of a property tax valuation); § 39-8-106(1), C.R.S. 2025 (authorizing appeals of tax protests denied by the county assessor to the county board of equalization). But the right to protest and appeal belongs to the record owner or owners of the property. *See Traer Creek-EXWMT LLC v. Eagle Cnty. Bd. of Equalization*, 2017 COA 16, ¶¶ 13-17.

¶ 10    It is undisputed that Boreck has not been a record owner of the property since 2017.  Thus, to the extent that her claims relate to any tax period between 2018 and the present, she lacked legal standing to pursue such a claim.  *See id.*; *see also Hinsdale Cnty. Bd. of Equalization v. HDH P'ship*, 2019 CO 22, ¶ 26 (the right to protest and appeal a tax valuation rests with the record owner of the property, not with others who may claim some other type of interest in the property).

¶ 11    True, as Boreck argues, property acquired during marriage is presumed to be marital.  *See* § 14-2-201, C.R.S. 2025.  However, spouses "may and can own property, separate and apart from the other."  *Flavell v. Dep't of Welfare*, 355 P.2d 941, 942-43 (Colo. 1960); *see* § 14-10-113(1), (2)(d), C.R.S. 2025.  And in any event, when it comes to the right to protest and appeal a property tax assessment, general principles derived from the Uniform Marriage and Dissolution Act do not trump the specific statutory provisions addressing the right to protest and appeal a property tax valuation. *See Climax Molybdenum Co. v. Walter*, 812 P.2d 1168, 1174 (Colo. 1991) ("As a general rule, a special or specific statutory provision prevails over a general provision unless the general provision is

5

later in time and the legislature has manifested a clear intent that the general provision should prevail.").  As previously explained, only the record owner or owners have the statutory right to appeal a tax valuation.  *Traer Creek*, ¶¶ 13-17.

¶ 12    Because Boreck has not been a record owner of the property since 2017, she had no right to protest or appeal the valuation of the property for the period between 2018 and the present.

¶ 13    To the extent that Boreck asserted claims for improper property tax assessments and overpayments between 1983 and 2017, she arguably has standing because she was apparently a record owner of the property during that period.  But to pursue such a claim, Boreck must establish that she has a viable claim against the County under the CGIA.  We turn now to that issue.

### III.    Boreck's Claims Are Barred Under the CGIA

¶ 14    Boreck contends that the district court erroneously dismissed her claims based on the CGIA.  We are unpersuaded.

#### A.    Standard of Review and Applicable Law

¶ 15    C.R.C.P. 12(b)(1) requires the dismissal of a claim if the court lacks subject matter jurisdiction.  Whether the CGIA applies is a question of subject matter jurisdiction governed by the standards

6

for dismissal under C.R.C.P. 12(b)(1). *Maphis v. City of Boulder*, 2022 CO 10, ¶ 13. When a public entity, such as the County, raises the defense of sovereign immunity, the district court must examine the facts to ensure that it has jurisdiction to hear the case. *City & County of Denver v. Dennis*, 2018 CO 37, ¶ 10 (citing *Trinity Broad. of Denv., Inc. v. City of Westminster*, 848 P.2d 916, 924 (Colo. 1993)). The plaintiff carries the burden of proving "jurisdictional facts adequate to support subject matter jurisdiction." *Maphis*, ¶ 13 (quoting *City & County of Denver v. Crandall*, 161 P.3d 627, 632 (Colo. 2007)). This burden is relatively lenient, and the plaintiff must be afforded reasonable inferences from the undisputed evidence. *Id.*

¶ 16     The CGIA bars actions against a public entity for injuries that lie in tort or could lie in tort unless an applicable waiver applies. § 24-10-106(1), C.R.S. 2025 ("A public entity is immune from liability in all claims for injury that lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section."). The party suing the public entity bears the burden to

show that sovereign immunity has been waived. *Smokebrush Found. v. City of Colorado Springs*, 2018 CO 10, ¶ 21.

¶ 17    Furthermore, even if sovereign immunity has been waived, a claiming party must comply with the CGIA's notice provisions before bringing their claim. § 24-10-109(1), C.R.S. 2025. Under the statute,

> Any person claiming to have suffered an injury by a public entity . . . , whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within [182] days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.

*Id.* Compliance with this notice requirement is a "jurisdictional prerequisite" to any CGIA action. *Id.*

## B.    Analysis

¶ 18    Boreck contends that the CGIA does not apply to her claims because, in her view, "an 'injury' never occurred" and the district court conflated the issues at hand. Specifically, Boreck argues that the district court erred by relying on the CGIA because it only applies to claims for physical bodily injury and physical property injury — not disputes over property valuation.

8

¶ 19    The County responds by noting that there are specific statutory procedures by which a property owner may protest a tax valuation or payment, that Boreck cannot pursue such a claim for periods when she was not the record owner, and that the time to protest and appeal tax valuations between 1983 and 2017 has long since passed.  Thus, the County argues that Boreck would have to assert a viable tort claim based on her allegations of "creating a false report," negligence, or fraud.  But on that score, the County argues that because Boreck failed to identify any provision by which the County waived its statutory immunity for such a claim, her claims sounding in tort necessarily fail.  Similarly, the County notes that Boreck failed to provide the County with the statutorily mandated notice of claim.  *See* § 24-10-109(1).  For these reasons, the County argues that the district court did not err by dismissing Boreck's claims.  We agree with the County.

¶ 20    Contrary to Boreck's assertion, the CGIA is not limited to personal injury or property damage claims, and its reach is not circumscribed simply because a plaintiff requests equitable relief.  Instead, sovereign immunity applies broadly to "all claims for injury that lie in tort or could lie in tort." § 24-10-106(1).

¶ 21   The alleged factual basis for Boreck's claim based on her previously paid taxes is that the County fraudulently or negligently overvalued the property.  These claims clearly sound in tort.  Therefore, for the claims to move forward, Boreck was required to prove that the County waived its sovereign immunity and that she timely provided notice of her claims.  *See Smokebrush*, ¶ 21.  She did neither.  Therefore, the district court properly dismissed Boreck's claims for lack of subject matter jurisdiction.

IV.   Attorney Fees

¶ 22   Finally, we turn to the County's request for an award of its attorney fees incurred on appeal pursuant to section 13-17-201 and Boreck's contention that the district court erred by awarding the County its reasonable attorney fees.

¶ 23   Under the statute, if an action is dismissed under C.R.C.P. 12(b), the defendant "*shall* have judgment for [its] reasonable attorney fees in defending the action." § 13-17-201(1) (emphasis added).  Because we affirm the district court's dismissal under C.R.C.P. 12(b)(1), we reject Boreck's contention that the district court erred by awarding the County its attorney fees.  Moreover, under the statute, the County is entitled to its attorney fees

incurred on appeal.  *Henderson v. City & County of Denver*, 2012 COA 152, ¶ 47.  Because the district court is in a better position than we are to determine the County's reasonable appellate attorney fees, we remand the case for further proceedings on that issue.  *See id.*

## V.    Disposition

¶ 24    We affirm the district court's judgment and remand for the court to determine the County's reasonable appellate attorney fees.

JUDGE LIPINSKY and JUDGE YUN concur.